Wilde, J.
According to the report of the case, we think it very clear, and for several reasons, that this action cannot be maintained.
In the first place, it does not appear that the demandant’s husband was seized, during coverture, of such an estate as en *477 titles her to dower. She offered to prove that her husband took a deed of the land described in the declaration, from Z. Bartlett, who then owned the same, and that he entered and became seized thereof; but it is not alleged that he thereby took an estate in fee; and it is very clear that an estate in dower is only incident to estates of inheritance, and not to mere estates for life. 1 Cruise’s Digest, Tit. VI. c. 3, <§> 19. But we do not decide the case on this objection, as it was not made by the tenant’s counsel at the argument; and the fact may be, that a fee simple estate was conveyed by the said deed.
The second objection to the demandant’s title is, that the said deed, although executed and acknowledged, was never recorded, and sp was not a valid deed against any person other than the grantor and his heirs and devisees, and persons having actual notice thereof. St. 1783, c. 37, <§> 4. Rev. Sts. c. 59, <§> 28. The evidence on this point was rejected by the court, and thereupon the demandant consented to a nonsuit, which is to stand if the ruling was correct. And we think it was. It was admitted by the demandant, that the tenant claimed through sundry mesne conveyances of the premises from the said Bartlett, all which were duly recorded, and that the tenant was a bond fide purchaser, without notice that the demandant’s husband ever owned the estate. The deed, therefore, was void as to the tenant, and could not be admitted as evidence of title against him. And if it had been admitted, it would not have availed the demandant in the present action. It would have proved, it is true, that her husband had a lawful seizin against Bartlett, his heirs and devisees, and subsequent purchasers from him, having notice of the prior conveyance; but as against the tenant, the deed was ineffectual by the express words of the statute. By the subsequent conveyance of Bartlett to a bond fide purchaser, the husband’s title was defeated ab initio. The tenant’s title is paramount to his, and in no case can a widow maintain a writ of dower against a party whose title is paramount to that of her husband. Her estate in dower is but a continuation of the inheritance, and is derived by law from the seizin of her husband, and consequently, when his estate is *478 defeated, and not by his act, her right of dower ceases. If the husband be evicted by a title paramount, the inchoate right oi dower of the wife ceases. 1 Cruise’s Digest, Tit. VI. c. 3, § 33. And by the same principle, if the husband dies seized before eviction, and his heir assigns to his widow her dower, both may be evicted by the party having a paramount title. If, for instance, a disseizor die seized, and his heir enter, who endoweth the wife of the disseizor of a third part of the land, and the wife enters on the part assigned to her, and hath possession thereof, the disseizee may lawfully enter upon the possession of the wife. “ And the reason is,” as laid down by Littleton, § 393, “ for that when the wife hath her dower, she shall be adjudged in immediately by her husband, and not by the heir; and so, as to the freehold of the same third part, the descent is defeated.” Co. Lit. 240 b. Perk. § 396. Countess of Barkshire v. Vanlore, Winch, 77. So, if a tenant in tail discontinues in fee, and afterwards marries, and disseizes the discontinuee, and dies seized, his wife shall not have her dower; because the issue is remitted to the ancient entail, and the estate of the husband was wrongful: and because the heir is in of another estate of inheritance than the husband had during the coverture. Fitz. N. B. 149. 1 Cruise’s Digest, Tit. VI. c. 3, § 22. Park on Dower, 141 & seq. So, where lands are conveyed to the husband on condition, and the grantor enters for breach of the condition, either before or after the death of the husband, it defeats the right to dower. 1 Cruise’s Digest, Tit. VI. c. 3, § 33. And in all cases of defeasible estates in the husband, the restoration of the seizin under the prior or paramount title, defeats the intermediate seizin ah initio. 4 Kent Com. (3d ed.) 47, 48. It follows therefore conclusively, that this action cannot be maintained. The tenant does not hold under a title derived from the demandant’s husband. On the contrary, he holds under a title derived from Bartlett, paramount to that derived by the husband. Against the tenant, the husband’s estate and seizin were wrongful and void; and as the demandant’s right of dower is appendant to her husband’s estate, whatever defeated his estate defeated also her claim of *479 dower. She has no better right to maintain this action, than her husband had to maintain a writ of entry against the tenant on his title. It is immaterial whether the husband had a de feasible estate from Bartlett, or a wrongful estate by disseizin. Tn neither case can it prevail against the tenant’s better title

Nonsuit to stand.